# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC J. SALLEE, and CATHERINE SALLEE, individually and as husband and wife, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 11-CV-212-TCK-PJC |
| L.B. WHITE TRUCKING, INC., ALLEN ERNEST KESSELER, and NATIONWIDE MUTUAL INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 11).

**I.   Background**

Plaintiffs brought this action in the District Court for Tulsa County, State of Oklahoma on February 16, 2011. In their Petition, Plaintiffs allege: (1) Plaintiff Eric Sallee and Defendant Allen Ernest Kesseler ("Kesseler") had a motor vehicle accident on December 17, 2010; (2) the accident was caused by Kesseler's negligence; (3) at the time of the collision, Kesseler was operating a semi-tractor and trailer; (4) at the time of the collision, Kessler was an employee, agent, representative or owner of Defendant L.B. White Trucking, Inc. ("L.B. White") and was acting in the scope of his employment; and (5) Defendant Nationwide Mutual Insurance Company ("Nationwide") insured L.B. White and Kesseler at the time of the collision. The Petition does not allege the residency, state of incorporation, or principal place of business of any party.

On March 11, 2011, Plaintiffs' counsel filed proof of service upon Kesseler and Nationwide in the state court action. On March 15, 2011, Plaintiffs' counsel filed proof of service upon J.B.

White in the state court action. Such documents indicated that Defendants Kesseler and J.B. White were served at addresses in Wellington, Kansas. On March 18, 21, and 28, 2011, Defendants, by and through the same counsel, Jason Seay ("Seay"), filed Entries of Appearance and Reservations of Time to Plead in the state court action.

On April 8, 2011, Defendants filed a Notice of Removal, in which Defendants contended that removal is proper pursuant to 28 U.S.C. § 1332(a)(1). Defendants alleged that, although the Petition was filed on February 16, 2011, they were first able to determine that Plaintiffs were of diverse citizenship from all Defendants on March 11, 2011. Plaintiffs moved to remand, arguing (1) Defendants waived their right to remove by filing entries of appearance in the state court action ("waiver"); and (2) Defendants' removal was untimely because at least one Defendant, Nationwide, had actual knowledge of all Defendants' respective residencies and Plaintiffs' residencies as early as March 7, 2011, the date it was served with the Petition ("untimeliness").

## II.     Waiver

The general rule is that the "right of removal of a suit from state court to federal court is a statutory right," and any waiver of such right "must be clear and unequivocal." *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990); *see also Carpenter v. Ill. Cent. Gulf R. Co.*, 524 F. Supp. 249, 251 (D. La. 1981) ("An intent to waive the right to remove to federal court and submit to the jurisdiction of state court must be clear and unequivocal and the waiving party's actions must be inconsistent with his right to remove."). Therefore, mere entries of appearance or answers are generally insufficient to constitute a clear and unequivocal waiver of the right to remove. *See Mapp v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 435069, at *2 (M.D. Ala. 2009) (rejecting argument that appearing at a preliminary injunction hearing and filing a Notice of

Appearance constituted a waiver of right to remove to federal court and that "the [defendant's] appearance at the preliminary injunction hearing was an attempt to maintain the status quo, not to litigate the merits of the case, a circumstance which voids the argument that the [defendant] consented to jurisdiction"). *Carpenter*, 524 F. Supp. 2d at 251 (finding that filing an answer in state court did not amount to waiver of right to remove to federal court where all the other removal requirements were met); *Universal Steel & Metal Co. Ltd. v. Railco, Inc.*, 465 F. Supp. 7, 10 (D. Vt. 1978) (holding that right to remove was not lost because "[w]hatever steps the defendants took with respect to the action in state court manifestly were preliminary in nature" and that "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits"). Here, the entries of appearance relied upon by Plaintiffs are wholly insufficient to constitute a clear and unequivocal waiver of the right to remove. They were filed at the outset of the litigation, are nothing more than preliminary filings, and even expressly reserve the right to all defenses available by law. Thus, Defendants did not waive their statutory right to remove.

### III.     Timeliness

Pursuant to 28 U.S.C. § 1446(b) ("Section 1446"), a notice of removal shall be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant is such initial pleading has been filed in court and is not required to be served on the defendant." Section 1446 further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

*Id.* Under Tenth Circuit law, "the key to determining that date from which the clock begins to run is when the defendant is able to intelligently ascertain removability" from either the initial pleading or another paper. *See Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). A defendant does not have any "duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist." *Id.* Rather, the Tenth Circuit "requires clear and unequivocal notice from the pleading itself, or a subsequent other paper such as an answer to an interrogatory." *Id.*

Plaintiffs argue that the clock began to run on February 25, 2011, the date of service upon the first Defendant, Kesseler. Although the Petition did not state the citizenship of any party, Plaintiffs argue that Defendant Nationwide knew the citizenship of Plaintiffs as early as December 22, 2010, when it sent a check to Plaintiffs for property damage. Plaintiffs further argue that "all of the Defendants are related to each other such that the respective residency of each is known by the other." (Mot. to Remand 8 ("[W]hen Kesseler was served, he knew [J.B.White] was [a] Kansas resident. When [J.B. White] was served was served, it knew Kesseler was a Kansas resident and, by virtue of the insurance policy with Nationwide, that Nationwide was not domiciled in Oklahoma.").)

Defendants argue that the clock began to run on or after March 11, 2011, the dates that an other paper – namely, the filed return of summonses – revealed the citizenship of Kesseler and J.B. White. Jason Seay ("Seay"), who now represents all three Defendants, filed an affidavit stating that: (1) on March 11, 2011, he contacted L.B. White and Kesseler and discovered that they were Kansas citizens; (2) on March 11, 2011 and March 15 2011, these parties' citizenship were confirmed by the proofs of service filed in state court; and (3) sometime after March 11, 2011, he investigated the

citizenship of Plaintiffs and discovered that they were Oklahoma residents. (Seay Aff., Ex. 12 to Not. of Removal.) As proof of Plaintiff Eric Sallee's citizenship, Defendants attached the Official Oklahoma Traffic Collision Report reflecting that Plaintiffs reside in Owasso, OK. As proof of Plaintiff Catherine Sallee's citizenship, Defendants attached an Oklahoma Supreme Court Network record indicating her address. As proof of J.B. White and Kesseler's citizenship, Defendants attached the summonses filed in state court showing Kansas service addresses and Seay's affidavit. As proof that it is a foreign insurance company, Nationwide cited to the allegations in paragraph 4 of the Petition alleging that Nationwide is licensed to conduct business in Oklahoma as an insurance company. (*See* Not. of Removal 1-2.)

The Court finds that Defendants' removal was timely. In order for removal to be untimely, the Court would have to make findings regarding what Defendants did or did not know regarding the citizenship of Plaintiffs and the other Defendants at the time each Defendant received service. Such an inquiry would require evidentiary findings that are beyond the scope of a § 1446 timeliness inquiry. As made clear in *Akin*, a defendant must have clear and unequivocal notice from an initial pleading or other paper that removal is proper in order for the thirty-day clock to begin. *Akin*, 156 F.3d at 1036. Here, the Petition did not provide clear and unequivocal notice that the case was removable because it did not set forth the citizenship of the parties, including Plaintiffs. Thus, the clock began upon Defendant's first receipt of "other papers" from which it could be intelligently ascertained – and properly shown to the Court – that Plaintiffs were of diverse citizenship from all three Defendants. The Court accepts Seay's representation that such date was on or after March 11, 2011. Therefore, Defendants' removal on April 8, 2011 was timely.

Plaintiffs' Motion to Remand Action (Doc. 11) is DENIED.

**DATED this 8th day of September, 2011.**

_____
**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**